IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. **MARIA ESTHER NAVA, GAVRICK ENRIQU MENDOZA, and JIOVONNE DOMONIC AYALA,** Defendants. | Criminal No. 21-CR-8-J |

# ORDER

**THIS MATTER** comes before the Court on the *Joint Motion for Continuance of Trial*. For the reasons stated in the *Motion*, and for good cause shown, this Court finds the *Motion* should be GRANTED.

1. On January 13, 2021, a grand jury returned an *Indictment* charging defendants Joshua William Eslick, John Leroy Butler, Katie Ann Doup, Elizabeth Ann Hastings, Chad Robert Kolkman, Jiovonne Domonic Ayala, Kelsey Raye Springer, and Brian Lynn Kuznia with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A); Joshua William Eslick with two counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); Joshua William Eslick with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); John Leroy Butler with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C); Katie Ann Doup with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C); Jiovonne

Domonic Ayala with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C); and Jiovonne Domonic Ayala with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Doc. 44). Then, on March 24, 2021, a grand jury returned a *Superseding Indictment* charging two additional Defendants—Maria Esther Nava and Gavrick Enriqu Mendoza—in the Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). (Doc. 145).

2.   The Defendants have each been arraigned, except for Elizabeth Ann Hastings, who has not yet been arrested. (Docs. 70, 94, 105, 114, 119, 124, 131, 201, 246). The government has indicated that it doesn't anticipate Hastings status will impact any future trial settings.

3.   All remaining defendants except Elizabeth Ann Hastings, Maria Esther Nava, Gavrick Enriqu Mendoza, and Jiovonne Domonic Ayala have entered into plea agreements with the United States. (Docs. 219, 222, 224, 227, 228, 233).

4.   Nava's attorney received the voluminous discovery in this matter on August 12, 2021. On September 1, 2021, the court allowed Ayala's attorney to withdraw as his counsel (Doc. 276). On September 7, 2021, the court allowed Mendoza's attorney to withdraw as his counsel. (Doc. 285). On September 10, 2021, a new attorney entered his appearance on behalf of Mendoza. (Doc. 295).

5.   The government filed this *Joint Motion* on September 14, 2021. The government proffered that its investigation gathered voluminous records, including large amount of digital data. The resulting records, reports, recordings, and other files comprise a five-figure file count and over 20 gigabytes of computer storage space.

5. According to the government, in addition to the volume of evidence and the number of potential witnesses, understanding the charged conspiracy requires an understanding of several topics related to drug conspiracies, including (among other things) wiretaps.

6. The defendants join in the request for relief sought in the government's motion.

7. The Speedy Trial Act requires that a defendant's jury trial be commenced within 70 days "from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Act then defines specific periods of excludable delay that toll the 70-day speedy trial clock. *Id.* § 3161(h). As pertinent here, the Act excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." *Id*. at § 3161(h)(6).

7. For the reasons stated in the government's *Motion*, and given the volume, nature, and established complexity of the discovery, the charged drug conspiracy, and the matter overall, the Court finds that it is unreasonable to expect adequate preparation within the time limits otherwise established by the Speedy Trial Act; therefore, it is appropriate to set the trial outside the 70-day period, and find the resulting delay excludable under the Act. The Court further finds that the interests of the Defendants and the public in a trial before September 27, 2021 are outweighed by the same considerations, and the benefit of current defense counsel and judicial and prosecutorial resource expenditure considerations.

**THEREFORE, IT IS HEREBY ORDERED** that the trial in this matter shall begin on _____ _____, 2021, at _____ \_\_.m. and is expected to last 1-1/2–2 weeks.

3

**IT IS FURTHER ORDERED** that the resulting delay serves the ends-of-justice as defined by the Speedy Trial Act and, therefore, the time from the motion was filed on September 14, 2021, through the _____ \_\_\_, 2021, jury trial is excluded under the Act.

DATED this \_\_\_\_\_ day of September, 2021.

_____
ALAN B. JOHNSON
United States District Court Judge